IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LOUISE PINKNEY | CR. NO.: 1:19-479<br><br>18 U.S.C. § 666(a)(1)(A)<br>18 U.S.C. § 1512(c)(1)<br>18 U.S.C. § 1951<br>18 U.S.C. § 981(a)(1)(C)<br>28 U.S.C. § 2461(c)<br><br>**INDICTMENT** |

COUNT 1
(Theft of Federal Funds)

THE GRAND JURY CHARGES:

At all times relevant to this Indictment:

1.      Defendant, LOUISE PINKNEY, was employed by the E-911 Center for Allendale County, South Carolina.

2.      The E-911 Center fields emergency communications for Allendale County and is funded by Allendale County. In her role as Director, Defendant, LOUISE PINKNEY, oversaw office administration and supervised several employees.

3.      Using her position of authority, Defendant, LOUISE PINKNEY, approached several subordinate employees to request that they inflate their overtime hours and provide Defendant, LOUISE PINKNEY, with the resulting overtime payments. Defendant, LOUISE PINKNEY, then siphoned these overtime payments from her employees and converted them for her personal use.

1

4. Beginning in or around January 2015, and continuing until in or around December 2015, in the District of South Carolina, Defendant, LOUISE PINKNEY, being an agent of Allendale County government, and said government receiving in the year beginning January 1, 2015, and ending December 31, 2015, benefits in excess of $10,000 from various federal programs and grants, including program money from the United States Environmental Protection Agency, embezzled, stole, obtained by fraud without authority, and knowingly converted to her own use, property worth at least $5,000 and under the care and control of Allendale County government, that is, E-911 overtime pay;

All in violation of Title 18, United States Code, Section 666(a)(1)(A).

## COUNT 2
### (Hobbs Act Extortion)

THE GRAND JURY FURTHER CHARGES:

5.  Beginning in or around January 2015, and continuing until in or around December 2015, in the District of South Carolina, Defendant, LOUISE PINKNEY, did obstruct, delay, and affect interstate commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of articles and commodities in such commerce, by extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), in that Defendant, LOUISE PINKNEY, attempted and did obtain E-911 overtime payments from L.H., M.W., and K.W., with L.H., M.W., and K.W.'s consent induced by the wrongful use of fear, including fear of economic harm;

In violation of Title 18, United States Code, Section 1951.

## COUNT 3
### (Obstruction of Justice)

THE GRAND JURY FURTHER CHARGES:

6.  On or about October 10, 2017, in the District of South Carolina and elsewhere, Defendant, LOUISE PINKNEY, did corruptly alter, destroy, and conceal records, documents, and objects, to wit: Defendant, LOUISE PINKNEY, did erase data from a Dell Optiplex computer hard drive bearing service tag number 755RB82, which was issued to her by the E911 Call Center, or attempt to do so, with the intent to impair its integrity or availability for use in, and obstruct and impede an official proceeding, the federal prosecution of Louise Pinkney;

In violation of Title 18, United States Code Section 1512(c)(1).

# FORFEITURE

1. THEFT OF FEDERAL FUNDS/OBSTRUCTION/EXTORTION:

As a result of the foregoing violation of 18 U.S.C. §§ 666, 1512 and 1951, as charged in this Indictment, upon conviction, Defendant, LOUISE PINKNEY, shall forfeit to the United States any property, real or personal, which constitutes or is derived from any proceeds Defendant obtained, directly or indirectly, as a result of such violation, and any property traceable to such property.

2. PROPERTY:

Pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), the property which is subject to forfeiture upon conviction of Defendant for the violations charged in this Indictment includes, but is not limited to, the following:

Forfeiture Judgment:

A sum of money equal to all proceeds Defendant obtained, directly or indirectly, from the offenses charged in this Indictment, that is, a minimum of approximately $19,729 in United States currency, and all interest and proceeds traceable thereto, and/or that such sum equals all property derived from or traceable to her violation of 18 U.S.C. §§ 666, 1512, 1951.

3. SUBSTITUTE ASSETS:

If any of the property described above, as a result of any act or omission of Defendant-

    (1) cannot be located upon the exercise of due diligence;
    (2) has been transferred or sold to, or deposited with, a third party;
    (3) has been placed beyond the jurisdiction of the court;
    (4) has been substantially diminished in value; or
    (5) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) to seek forfeiture of any other property of the said Defendant up to the value of the forfeitable property described above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

A _____*True*_____ Bill

_____
FOREPERSON

_____
SHERRI A. LYDON (alr)
UNITED STATES ATTORNEY